## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ) | |
| **LINDA DANIELS** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **PORTFOLIO RECOERY** ) | |
| **ASSOCIATES, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and other common law claims.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Linda Daniels is an adult individual residing at 131 Nuuanu Lane, Bastrop, Texas 78602.

5.      Defendant Portfolio Recovery Associates, LLC, is a business entity which regularly conducts business in the Eastern District of Pennsylvania with a principal office located at 1100 E. Hector St. #250, Conshohocken, PA.  The principal purpose of Defendant is the

collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6.       At all pertinent times hereto, Defendant was hired to collect a debt relating to a account with CPL Electric Company (hereafter the "debt").

7.       The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.       In or around July 2011, Defendant began contacting Plaintiff's mother at her home and disclosed Plaintiff's debt to her mother.

9.       Plaintiff's mother advised Defendant that Plaintiff did not reside with her and to cease contacting her.

10.      Defendant, however, continues to contact Plaintiff's mother approximately three to four times per week with the intent to annoy, abuse and harass Plaintiff.

11.      On or about August 30, 2011, Plaintiff also contacted Defendant by telephone and requested that Defendant cease contacting Plaintiff's mother, which  Defendant agreed to do during the telephone conversation.

12.      Notwithstanding the above, on or about August 31, 2011, Defendant contacted Plaintiff's mother yet again in an attempt to collection the debt with the intent to annoy, abuse and harass Plaintiff.

13.      On or about August 31, 2011, Plaintiff once again contacted Defendant and again requested that Defendant cease contacting Plaintiff's mother.

14.     Notwithstanding the above, in or around September 2011, Defendant again contacted Plaintiff's mother in an attempt to collect the debt and with the intent to annoy, abuse, and harass.

15.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and stating that that consumer owes the debt.

16.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

17.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion to reasons other than to obtain location information.

18.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of any debt.

19.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20.     Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

21.     Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

22.     Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

23.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I - VIOLATIONS OF THE FDCPA

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

31.     Defendant violated the FDCPA.   Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Communicating with any person other than the consumer and stating that that person owes any debt;

(b)     Communicating with any person other than the consumer on more than one occasion;

(c)     communicating with any person other than the consumer on more than one occasion to reasons other than to obtain location information;

(d)     Communicating with any person other than the consumer in connection with the collection of any debt;

(e)     Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(f)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(g)     Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(h)     Using unfair or unconscionable means to collect or attempt to collect any debt.

32.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

33.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     Defendants' conduct, including but not limited to continuing to contact Plaintiff's mother in an attempt to collect the debt after being repeatedly requested to cease doing so, constitutes an invasion of privacy.

36.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

37.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

  (a) Actual damages;

  (b) Statutory damages;

  (c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,


**FRANCIS & MAILMAN, P.C**.

BY:    */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: April 23, 2012